UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE SLOAN,

           Plaintiff,           Case No. 1:23-cv-723

v.                                         Hon. Hala Y. Jarbou

SARAH EARNEST and
WYOMING PUBLIC SCHOOLS,

           Defendants.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Yvette Sloan filed this lawsuit against the Wyoming Public Schools ("WPS") and Sarah Earnest ("Assistant Superintendent of Employee Relations and Designated EEOC Officer" for WPS). *See* Compl. (ECF No. 1). This matter is now before the Court on defendants' motion to dismiss (ECF No. 19) and plaintiff's motion for leave to amend the complaint (ECF No. 24).

    **I.**    **Procedural background**

As an initial matter, *pro se* plaintiff did not file a response to defendants' motion to dismiss as required by the Court rules. *See* W.D. Mich. LCivR 7.1(a) and 7.2(c).[1] Rather than respond to the motion, plaintiff filed her own motion seeking leave to file an amended complaint. Given this situation, and the similarities between plaintiff's original complaint and her proposed

---

[1] W.D. Mich. LCivR 7.1(a) requires that "[a]ny party opposing a written motion shall do so by filing and serving a brief conforming to these rules" and W.D. Mich. LCivR 7.2(c) requires that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position, waives opposition to the relief sought in the motion, and amounts to a forfeiture of that claim. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008).

1

amended complaint, the Court will address both defendants' motion to dismiss and plaintiff's motion for leave to amend the complaint.

## II. Defendants' motion to dismiss (ECF No. 19)

### A. Legal Standard

Defendants seek to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, plaintiff attached a copy of documents from the U.S. Equal Employment Opportunity Commission (EEOC) (ECF No. 1-1) to her complaint. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits

2

attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).[2]

### B.    Plaintiff's complaint

Plaintiff's complaint alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 *et seq*.  Compl. at PageID.1-4.  On September 23, 2021, plaintiff emailed defendant Sarah Earnest and non-party Christie McEwen ("Board Secretary") "to raise allegations of violations under the Americans with Disabilities Act (ADA) and disability concerns stemming from the workplace retaliation I experienced at the hands of my direct team leader, Jennifer McDuffy."  Compl. at PageID.2.[3]  While plaintiff seeks relief under the ADA, the complaint did not identify her medical condition, allege that she was disabled under the ADA, or identify the nature of her disability.  *See* Compl. at PageID.2-3.  Plaintiff's "Legal Claims and Supporting Case Law" (PageID.3) did not identify a statutory violation of the ADA.  Rather, her claims referenced matters such as "Failure to Provide Administrative Policies and Union Information" and "Inadequate Onboarding and Lack of Training." *Id*. at PageID.3.  The complaint provided conclusory allegations regarding retaliation, hostile work environment, harassment and discrimination as follows:

> 3.3 Retaliatory Actions and Hostile Environment
>
> The District's position statement claims that I voluntarily quit effective September 23rd, 2021, and that Becky Steffes was assigned to my position.  This assertion is inaccurate as I emailed Sarah Earnest on September 23rd and 24th, expressing my intention to remain with the District.

---

[2] The Court will not consider plaintiff's subsequently filed 196-page "supplement" (ECF Nos. 6, 6-1 and 6-2) in evaluating the sufficiency of her complaint.  While *pro se* complaints are to be liberally construed, the Court is not required to sift through this unauthorized supplement to conjure up allegations which plaintiff did not plead in her 4-page complaint.

[3] Plaintiff variously refers to her team leader as "McDuffy" and "McDuffey".

> Furthermore, the incident involving McDuffy's aggressive conduct and the subsequent reduction in my paycheck without discussing insurance premiums demonstrates retaliation and a hostile work environment.
>
> 3.4 Failure to Address Harassment and Discrimination Claims
>
> The District failed to address my claims of harassment, discrimination, retaliation, and the hostile work environment. This neglect of the District's responsibility to address such complaints violates legal obligations.

*Id*. at PageID.3.  Plaintiff seeks $24,960.00 in lost wages and $24,960.00 in punitive damages. PageID.4.

### C.    Discussion

#### 1.    Plaintiff failed to allege claims for ADA violations

##### a.    Discrimination

The ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a).  "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The term "disability" is defined as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1).  Under the statute,

> [M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

*Id*. at § 12102(2)(A).  In addition,

> [A] major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth,

4

> digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

*Id.* at § 12102(2)(B).

To state a claim of discrimination under the ADA, a plaintiff "must plead facts that make plausible the inference that (1) she is disabled, (2) she is qualified to perform her job requirements with or without reasonable accommodation, and (3) she would not have been discharged but for the disability." *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020).

Defendants' brief appears to contend that plaintiff's complaint must establish a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework.[4] Contrary to defendants' argument, plaintiff does not need to establish a prima facie case of discrimination to survive a motion to dismiss. "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("The Supreme Court's subsequent decisions in *Twombly* and *Iqbal* did not alter its holding in *Swierkiewicz*.").

> [T]he complaint must nonetheless "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (citations omitted); *see also James v. Hampton*, 592

---

[4] Defendants' state:

> Plaintiff may establish a disability claim through direct evidence or through circumstantial evidence. *Hedrick v. W. Rsrv. Care Sys.*, 355 F.3d 444, 453 (6th Cir. 2004). An employee may "put forward direct evidence that [the employer] had a discriminatory motive in carrying out its employment decision." *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998). An employee may also point to circumstantial evidence of discrimination under the *McDonnell Douglas* burden-shifting framework. *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 319 (6th Cir. 2019). This standard requires the plaintiff to establish a "*prima facie* case of discrimination" and show that "(1) he or she is disabled, (2) he or she is otherwise qualified for the position, with or without reasonable accommodation, (3) he or she suffered an adverse employment action, (4) the employer knew or had reason to know of the plaintiff's disability, and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced". *Babb*, 942 F.3d at 320. Once the employee has established a prima facie case, the employer must then offer a "legitimate explanation for its action". *Id*. After the employer does that, the burden shifts back to the employee, who must introduce evidence showing that the employer's explanation is "pretextual." *Id*.

Defendants' Brief (ECF No. 20, PageID.264-265).

F. App'x 449, 460-61 (6th Cir. 2015). Accordingly, when determining the sufficiency of a pleading at the motion to dismiss stage, courts still look to *prima facie* showing requirements for guidance.

*Hamilton v. Shelby County, Tennessee*, No. 20-CV-2911-TMP, 2021 WL 1759859 at *4 (W.D. Tenn. May 4, 2021).

Here, plaintiff's complaint did not allege facts to support a discrimination claim under the ADA. Specifically, plaintiff did not allege that she is disabled, that she is qualified to perform her job requirements with or without reasonable accommodation, or that she would not have been discharged but for the disability. *See Darby*, 964 F.3d at 444; *Iqbal*, 556 U.S. at 678 (an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief).

### b. Hostile work environment

In order to maintain an action for a hostile work environment under the ADA, an employee must establish that:

> (1) she was disabled; (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment unreasonably interfered with her work performance; and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures.

*Trepka v. Board of Education*, 28 Fed. Appx. 455, 461 (6th Cir. 2002). As discussed, plaintiff did not allege that she was disabled under the ADA. In the absence of this allegation, plaintiff cannot establish a claim for a hostile work environment in violation of the ADA.

### c. Retaliation

Finally, to state a claim of retaliation under the ADA, plaintiff must show that:

> (1) she engaged in a protected activity; (2) her engagement in that protected activity was known to her employer; (3) her employer, thereafter, took an adverse employment action against her; and (4) a casual link exists between her engagement in the protected activity and the adverse employment action.

6

*Garcia v. Third Fed. Sav. & Loan Association of Cleveland*, No. 1:06-CV-1990, 2007 WL 1235820 at *5 (N.D. Ohio April 26, 2007) (citing *Clark v. City of Dublin*, 178 Fed. Appx. 522, 525 (6th Cir. 2006) and *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000)).

Here, plaintiff made conclusory allegations that defendants retaliated against her which are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. In this regard, the timeline in plaintiff's retaliation claim and the alleged adverse employment action is unclear. Plaintiff does not explicitly allege that WPS terminated her employment. Rather, plaintiff refers to another employee (Becky Steffes) being assigned her position on September 23, 2021, and apparently denies WPS' "position statement" that she quit her job.

For all of these reasons, plaintiff's complaint (ECF No. 1) fails to allege any violations under the ADA and should be dismissed.

    2.    **Defendant Sarah Earnest**

In addition, plaintiff's claims against defendant Sarah Earnest fail because the "ADA does not permit public employees or supervisors to be sued in their individual capacities." *Williams v. McLemore*, 247 Fed. Appx. 1, 8 (6th Cir. 2007). *See Sullivan v. River Valley School District*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases.") and *Lee v. Michigan Parole Board*, 104 Fed. Appx. 490, 493 (6th Cir. 2005) (noting that the ADA does not "impose liability upon individuals"). *See also*, *Gong v. University of Michigan*, No. 19-1068, 2019 WL 7598905 (6th Cir. Oct. 17, 2019) (unpublished order) (the district court correctly dismissed Title VII and ADA claims against the individual defendants "because individual employees or supervisors cannot be held personally liable under Title VII or the ADA").

Accordingly, plaintiff's ADA claims against defendant Earnest should also be dismissed on this basis.

### III.  Plaintiff's motion for leave to file an amended complaint (ECF No. 24)

### A.  Proposed amended complaint

Plaintiff filed a one-page motion for leave to file an amended complaint. The proposed amended complaint is set forth on a form "Complaint for Employment Discrimination." *See* Prop. Amend. Compl. (ECF No. 24-1).[5] The caption of the proposed amended complaint lists WPS as a defendant. While plaintiff dropped her claims against defendant Earnest, she added claims against four new individual defendants: Lisa Manley ("President, Wyoming Public Schools"); Craig Popma ("Vice President, Wyoming Public Schools"); Jeff Nortoon ("Secretary, Wyoming Public Schools"); and Craig Hoekstra ("Superintendent / CEO, Wyoming Public Schools"). *Id*. at PageID.277.

In addition, plaintiff added new discrimination claims under "Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin)"; and the "Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634" ("ADEA"). *Id*. at PageID. 278. Finally, plaintiff listed a claim for, "Other federal law (specify the federal law): RETALIATION". *Id*. Plaintiff cited no legal basis for this claim. For purposes of this report, the Court will construe this as retaliation arising from the cited statutes.

Based on the outline set forth in the form complaint, plaintiff alleged that WPS and the new individual defendants discriminated against her based upon "[u]nequal terms and conditions of my employment", retaliation, and a hostile work environment which occurred from August 2021 through September 2021. *Id*. at PageID.279. Plaintiff also alleged that defendants

---

[5] The Court notes that plaintiff's proposed amended complaint includes 27 pages of attachments (PageID.282-308).

discriminated against her based religion ("reprimanded for mentioning God"), age, and a disability or perceived disability specified as "DEGENERATIVE DISK DISEASE / FORCED TO T [sic]". *Id*.

Plaintiff set forth additional pages containing her "Statement of Claim" as follows: plaintiff engaged in protected conduct of sending an email to former defendant Earnest and non-party McEwen to raise allegations of ADA violations and workplace retaliation from plaintiff's team leader Jennifer McDuffy; unequal terms and conditions of employment (*i.e.*, WPS took adverse action by presenting plaintiff with two options (1) remaining in the hostile work environment with McDuffy or (2) transferring to another school location with a reduction in weekly hours); failure to provide administrative policies and union information; "inadequate onboarding and lack of training"; and retaliatory action ("The District's position statement claims that I voluntarily quit effective September 23rd, 2021, and that Becky Steffes was assigned to my position"). *Id*. at PageID.282-283.

Plaintiff also set out the "The facts and circumstances of my case" as follows:

Plaintiff was hired by Wyoming Public Schools District on August 19th, 2021, as a lunch aide. Due to her disability, Plaintiff turned down the first position offered to her - bus operator. On or about September 15th, 2021, plaintiff was having a discussion with Jennifer (team leader) and Lisa (lunch aide) about a general topic. As an aside, Plaintiff remarked: "put it into God's hands". Jennifer McDuffey then told Plaintiff: "You cannot mention God here. We're all Trump supporters".

The following day, Plaintiff requested a few minutes break before lunch service began. McDuffey allowed it. Plaintiff was outside in her black SUV and McDuffey stormed out to the window shaking her finger at Plaintiff knocking [sic] her finger with an aggressive exasperated expression. Plaintiff was instantly terrified. "Get yourself back inside, now!" she yelled. "You are not on break. What do you think this is," McDuffey yelled, her eyes full of fury and rage. Plaintiff went home that day and told her son all about the incident.

The next day, when Plaintiff arrived at work, Plaintiff requested to speak to management about the abuse she suffered from McDuffey. McDuffey began

begging and pleading with Plaintiff not to inform management.  Tears formed in the corner of Jennifer's eyes suggesting to Plaintiff that this would not be Jennifer McDuffey's first time having a complaint lodged against her by others.

Plaintiff followed through and discussed the incidents with leadership: Connor & Megan.  After Plaintiff informed Connor & Megan of the events that had transpired, they both agreed to discuss the events with Jennifer.

Attachment (ECF No. 24-1, PageID.284).

### B.     Discussion

The Court reviews plaintiff's motion to amend pursuant to Fed. R. Civ. P. 15(a)(2), which states that a party may amend its pleading only with leave of court, with the instruction that "[t]he court should freely give leave when justice so requires."  Here, justice does not require that the Court allow plaintiff to file the proposed amended complaint.[6]

### 1.     The four new defendants

Plaintiff's proposed amended complaint adds four new individual defendants, and sues each individual for discrimination under the ADA, Title VII, and the ADEA.  As discussed, *supra*, the ADA does not permit plaintiff to sue public employees in their individual capacities.  Similarly, individual defendants cannot be held liable under Title VII or the ADEA.  *See Wathen v. General Electric Co.*, 115 F.3d 400, 404 n. 6, 404-05 (6th Cir. 1997) (an individual employee/supervisor, who does not otherwise qualify as an "employer", may not be held personally liable under Title VII or "its close counterparts" the ADEA and the ADA).  For these reasons, plaintiff's proposed amended complaint fails to state claims against the new defendants Lisa Manley, Craig Popma, Jeff Nortoon, and Craig Hoekstra.  Accordingly, plaintiff's motion to file an amended complaint should be denied with respect to these new defendants.

---

[6] Plaintiff did not file a supporting brief required by W.D. Mich. LCivR 7.1(a).  While plaintiff's motion could be denied on this basis, the Court will review the merits of the motion and the proposed amended complaint.

### 2. Defendant WPS

### a. Title VII

Defendants contend that plaintiff's Title VII claim should be dismissed because she did not exhaust her administrative remedies for that claim during the administrative proceedings held at the U.S. Equal Employment Opportunity Commission (EEOC). The Court agrees. "Exhaustion of administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 Fed. Appx. 784, 786 (6th Cir. 2008). "This requirement exists so that the EEOC will have an opportunity to convince the parties to enter into voluntary settlement, which is the preferred means of disposing of such claims." *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 731-32 (6th Cir. 2006). "If the EEOC finds 'reasonable cause' to believe an employer has violated Title VII but chooses not to bring suit on behalf of the federal government, the EEOC will issue a 'notice of right to sue' on the charge to the aggrieved party." *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). In addition, the aggrieved person may also request a "right to sue" letter from the EEOC pursuant to the statute. *Id*. However, in either case, "[a]n individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC." *Id*.

Here, plaintiff's charge of discrimination filed with the EEOC involved alleged violations of the ADA and the ADEA:

> I was hired by Wyoming Public Schools on or about August 14, 2021 as a Lunch Aide. On or about September 15th, 2021, while having a conversation with my supervisor and another co-worker, during which I said, keep your head up and it in God's hands. My supervisor said that she and my fellow coworker, do not say God because we are Trump supporters. The following day my supervisor mistreated me by yelling at me when I was on break. I informed my supervisor that I wanted to speak to the directors about what happened, including the conversation from the previous day. My supervisor began crying and begged me not to tell the directors. After meeting with the directors, they suggested placing me at another location. Between September 20 and 25, 2021, my supervisor, still upset about me having

11

> spoken to the directors, threw a tray against a wall and kept telling me to speed up and that I should have been able to take care of several assignment within 15 minutes, which due to my disabilities and age, made this difficult, and these assignments normally took two people an hour to do. I believe I was discriminated against because of my age and my disabilities, and retaliated against for engaging in protected activity I believe I was discriminated against because of my disabilities in violation of Title I of the Americans with Disabilities Act of 1990, as amended, discriminated against because of my age (60) in violation of the Age Discrimination in Employment Act of 1967, as amended.

EEOC Charge of Discrimination (No. 471-2022-00291) (July 13, 2022) (ECF No. 24-1, PageID.291-292).

The EEOC's "Notice of Charge of Discrimination" (No. 471-2022-00291) sent to defendants identified plaintiff's claims as brought pursuant to the ADA and the ADEA:

> This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Yvette Sloan under: The Americans With Disabilities Act of 1990 (ADA), The Age Discrimination in Employment Act of 1967 (ADEA). The circumstances of the alleged discrimination are based on Age, Disability, Retaliation, and involve issues of Harassment that are alleged to have occurred on or about 09/25/2021.

Notice of Charge (ECF No. 24-1, PageID.289). This is the charge addressed by the EEOC. *See* EEOC Determination of Charge (No. 471-2022-00291) (ECF No. 24-1, PageID.293). Based on this record, plaintiff did not raise a Title VII claim with the EEOC. Accordingly, plaintiff's motion to file an amended complaint should be denied with respect to the unexhausted Title VII claim.

      **b.**    **ADA claims**

Plaintiff's proposed amended complaint does not allege sufficient facts to support an ADA claim. While plaintiff's proposed amended complaint identified a medical condition (degenerative disk disease), she did not allege facts to establish: that this condition is a disability (which substantially limits one or more major life activities); that she was qualified to perform her job requirements with or without reasonable accommodation; or, that she would not have been

12

discharged but for the disability.[7] *See Darby*, 964 F.3d at 444. Accordingly, plaintiff's motion to file an amended complaint should be denied with respect to the ADA claim.

### c. ADEA claims

### i. Age discrimination

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

> The ADEA prohibits an employer from "discriminating against an employee over the age of forty because of the employee's age." *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463 (6th Cir. 2015). To establish a prima facie case of age discrimination, the ADEA plaintiff "must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Id*. at 462.

*Smith v. Wrigley Manufacturing Co., LLC*, 749 Fed. Appx. 446, 448 (6th Cir. 2018). At the pleading stage, plaintiff does not need to prove a prima facie case of discrimination. *See Keys*, 684 F.3d at 609. Rather, at this stage, plaintiff's complaint must "plausibly link her age and her termination" (or her other adverse employment action). *Id*.

Here, plaintiff failed to allege a cause of action for age discrimination. She has not alleged sufficient facts to plausibly link her age to her termination or an adverse employment action. The proposed amended complaint indicates that plaintiff was over 40 years old when the incidents occurred (PageID.279). However, plaintiff does not allege sufficient facts to establish that WPS took an adverse employment action plausibly related to her age (*e.g.*, that plaintiff was

---

[7] As discussed, *supra*, while plaintiff alleged that Becky Steffes was assigned her position, plaintiff does not allege that she voluntarily quit or was terminated.

13

qualified for the position she held or that plaintiff was replaced by a person outside the protected class). Plaintiff's conclusory allegations of age discrimination fail to state a claim upon which can be granted.

### ii. Retaliation

In order to state a claim of retaliation under the ADEA, a plaintiff must show: (1) that she engaged in protected activity; (2) that defendant WPS had knowledge of her protected conduct; (3) that defendant took an adverse employment action towards her; and (4) that there was a causal connection between the protected activity and the adverse employment action. *See Fox v. Eagle Distributing Co.*, 510 F.3d 587, 591 (6th Cir. 2007). Plaintiff has not alleged facts to establish that she engaged in protected activity related to an age discrimination claim prior to an adverse employment action. In this regard, plaintiff did not file her charge of age discrimination until July 13, 2022 (PageID.291-292), nearly 10 months after her employment ended (*i.e.*, when Becky Steffes replaced plaintiff on September 23, 2021). Accordingly, plaintiff's motion to file an amended complaint should be denied with respect to the ADEA claims.

### d. Conclusion

For the reasons stated above, plaintiff's proposed amended complaint fails to state a cause of action against defendants. Accordingly, plaintiff's motion for leave to amend the complaint should be denied.

### IV. RECOMMENDATION

For all of these reasons, I respectfully recommend that defendant's motion to dismiss (ECF No. 19) be **GRANTED**, that plaintiff's motion for leave to file an amended complaint (ECF No. 24) be **DENIED**, and that this action be terminated.

Dated:  May 20, 2024                                          /s/ Ray Kent
                                                              RAY KENT
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).